IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **KELLI CHAN,** | * |
| Plaintiff, | * |
| v. | * Civil Case No. SAG-24-02138 |
| **DEPARTMENT OF HUMAN SERVICES,** *et al.*, | * |
| Defendants. | * |

## MEMORANDUM OPINION

Plaintiff Kelli Chan ("Plaintiff"), who is self-represented, filed this employment action against Defendants Maryland Department of Human Services ("the Department"); Rafael J. López, the Secretary of the Department; Courtney Thomas-Winterberg, the Director of the Allegany County Department of Social Services; and two other employees of that office, Cindy Walker and Janie Haycock (collectively, "Defendants").[1] ECF 1. Although Plaintiff filed her Complaint in the United States District Court for the Northern District of West Virginia, a judge of that court recently transferred the case to this district to ensure personal jurisdiction over all Defendants. ECF 24. Presently pending is Defendants' Motion to Dismiss the Complaint, ECF 17. This Court has considered the motion, Plaintiff's opposition, ECF 20, and Defendants' reply, ECF 21. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons stated below, Defendants' motion to dismiss will be GRANTED as to all claims except Plaintiff's Family and

---

[1] The parties appear to agree that two of the Defendants' names in the Complaint were incorrect. The correct Defendants are Janie Haycock and Courtney Thomas-Winterberg. The Clerk will be ordered to correct the docket.

1

Medical Leave Act ("FMLA") claim against Defendants Thomas-Winterberg, Walker, and Haycock in their individual capacities.

I.     **FACTUAL BACKGROUND**

The facts described herein are derived from Plaintiff's Complaint and are taken as true for purposes of this motion. ECF 1. Plaintiff began working for the Allegany County Department of Social Services as a family preservation caseworker in child welfare in 1999. *Id.* at 5. In 2005, Plaintiff began work as a family services therapist. *Id.*

In 2017, Plaintiff began having medical issues of an undiagnosed nature. *Id.* Despite her documented health issues, Plaintiff received consistently excellent performance evaluations. *Id.*

In March, 2022, Plaintiff's medical conditions progressed to the point that her doctors placed her on medical leave indefinitely due to disability. *Id.* The Department of Social Services placed Plaintiff in a paid leave status, where she used her accrued personal, compensatory, and sick leave in addition to donated leave from other employees. *Id.*

In May of 2022, Plaintiff requested accommodations that would allow her to work in a limited capacity but was denied. *Id.* In June, 2022, Plaintiff applied for disability retirement to the Maryland State Retirement Board, at the suggestion of Janie Haycock, the Retirement Coordinator for the Allegany County Department of Social Services. *Id.* The Retirement Board denied Plaintiff's application because it found she was not permanently disabled. *Id.* On September 7, 2022, Ms. Haycock notified Plaintiff that she would be placed on a leave-without-pay status because she had exhausted her paid leave, and her application for disability retirement precluded her from accessing further employee-to-employee leave donations and the Maryland Employee Leave Bank. *Id.* at 5–6.

Plaintiff then requested to use her ninety days of FMLA eligibility to maintain her position and health benefits. *Id.* at 6. But by letter dated September 26, 2022, the Director of the

Allegany County Department of Social Services, Ms. Thomas-Winterberg, notified Plaintiff that her twelve weeks of FMLA leave had been exhausted as of June 15, 2022, while she was using paid leave. *Id.* Ms. Thomas-Winterberg further stated that Plaintiff's absence was causing a hardship for the agency, which needed to free up the position. *Id.* In a meeting with Ms. Thomas-Winterberg, Ms. Haycock, and Cindy Walker, the Allegany County Human Resources Officer, Plaintiff was told that she should resign in good standing to be eligible for reinstatement. *Id.*

On October 12, 2022, Ms. Walker emailed Plaintiff to schedule a meeting at which Plaintiff would be given a chance to explain why she should not be terminated. *Id.* The meeting was held on October 25, 2022, and Plaintiff was advised to either return to work with full medical clearance or to resign in good standing to be eligible for reinstatement to the Allegany County Department of Social Services or other any state employment. *Id.* Plaintiff submitted her resignation as of October 31, 2022, effective November 1, 2022, stating her decision was under duress, and that she felt she was being constructively discharged by the failure to accommodate her request for a part-time schedule. *Id.*

On June 1, 2023, Plaintiff filed a charge of discrimination with the Maryland Commission on Civil Rights ("EEOC") after the Defendants hired a younger male to fill her position. *Id.* On August 22, 2023, the EEOC issued a no determination notification and a right-to-sue letter. *Id.* This action followed, in which Plaintiff seeks compensatory and punitive damages. *Id.* at 7.

## II.     LEGAL STANDARDS

Under Rule 12(b)(6), a defendant is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss. *See, e.g.*, *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). A Rule 12(b)(6)

3

motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ." (citation omitted)); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). However, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Further, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks and citation omitted).

4

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). However, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

### III.   ANALYSIS

Plaintiff's Complaint asserts four claims: (1) a claim under Title VII of the Civil Rights Act of 1964 for sex discrimination; (2) a claim under the Americans with Disabilities Act ("ADA") and the ADA Amendments Act of 2008 ("ADAA") for disability discrimination; (3) a claim under the FMLA; and (4) a claim under the Age Discrimination in Employment Act ("ADEA"). This Court will not further address the issue of personal jurisdiction raised in Defendants' motion, because that issue has been resolved through the transfer of venue to this Court. The remaining issues relating to Plaintiff's four claims are addressed below:

#### A.  Eleventh Amendment Immunity

Two of the named Defendants, the Department, and its Secretary, Rafael J. López, are state agencies or state employees sued in their official capacity.[2] Unlike the other three

---

[2] To the extent the other three individual Defendants are sued in their official capacities, those claims would also be barred by Eleventh Amendment immunity.

individual defendants, Plaintiff's Complaint alleges no actions personally taken by Secretary López in connection with her employment.

The Eleventh Amendment affords states immunity from suit in federal court absent their consent. *See Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 479 (4th Cir. 2005). The immunity extends to "state agents and state instrumentalities." *Id.* (quoting *Regents of Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997)). The immunity also extends to state employees sued for monetary relief in their official capacities. *Hafer v. Melo*, 502 U.S. 21, 26 (1991) (discussing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1991)); *see also Wicomico Nursing Home v. Padilla*, 910 F.3d 739, 747 (4th Cir. 2018). Of course, Congress is permitted to abrogate sovereign immunity for claims under federal law where "it both unequivocally intends to do so and acts pursuant to a valid grant of constitutional authority." *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001) (internal citations and quotations omitted).

Congress has not abrogated sovereign immunity for any of the following types of claims Plaintiff asserts:

- Claims under the ADA/ADAA seeking money damages. *See Garrett*, 531 U.S. at 374; *Young v. W. Va. Univ.*, Civ. No. 1:23-cv-29, 2023 WL 5674132, at *9 (N.D.W. Va. Aug. 8, 2023) (granting sovereign immunity on a student's claim for monetary damages under ADA).

- Claims under the ADEA seeking monetary damages. *See Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91–92 (2000) (holding that Congress did not validly abrogate state sovereign immunity as to monetary damage claims under the ADEA); *Li v. Shepherd Univ.*, Civ. No. 20-1967, 2022 WL 16919271, at *1 (4th Cir. Nov. 14, 2022) (per curiam) (upholding the district court's grant of sovereign immunity to Shepherd University for ADEA claim for monetary damages).

- Claims under the self-care provision of the FMLA seeking monetary damages.[3] The Supreme Court expressly held that a state cannot be liable for monetary damages under FMLA's self-care provision because Congress did not abrogate state sovereign immunity. *Coleman v. Ct. of Appeals of Md.*, 566 U.S. 30, 37 (2012); *see also Dennard v. Towson Univ.*, 62 F. Supp. 3d 446, 451 (D. Md. 2014) (finding Towson University entitled to sovereign immunity on employee's FMLA self-care claim).

Accordingly, Plaintiff's ADA/ADAA, ADEA, and FMLA claims against the Department and its Secretary must be dismissed without prejudice because the Eleventh Amendment precludes such claims against those Defendants in federal court.[4]

### B. Individual Defendants' Liability Under the ADA/ADEA

The Fourth Circuit has established that neither the ADA nor the ADEA permits suit against individuals for violating its provisions. *See Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999) (ADA); *Jiggetts v. Sharpe*, 141 F. App'x 162, 163 (4th Cir. 2005) (ADEA). Liability under those statutes is limited to the employing entity, and therefore Plaintiff's ADA and ADEA claims against Defendants Thomas-Winterberg, Walker, and Haycock must be dismissed.

### C. Qualified Immunity Under the FLMA

At this early stage, this Court is not persuaded by the qualified immunity defense advanced by Defendants Thomas-Winterberg, Walker, and Haycock with respect to Plaintiff's FMLA claim.[5] While the Fourth Circuit has yet to expressly address the issue, a majority of

---

[3] Plaintiff asserts a claim under the "self-care" provision of the FMLA, 29 U.S.C. § 2612(a)(1)(D), permitting an employee to take leave for her own serious health condition, as opposed to the "family-care" provisions of the statute, *id.* § 2612(a)(1)(A)–(C).

[4] In Plaintiff's opposition, she argues *Ex Parte Young*, 209 U.S. 123 (1908), which allows certain suits against state officials to proceed in federal court. That doctrine only applies to cases seeking injunctive relief, not monetary damages like Plaintiff seeks in this case.

[5] Although courts sometimes find claims to have been abandoned when an opposition fails to respond to an argument advanced in a motion to dismiss, *see Pueschel v. United States*, 369 F.3d

7

courts across the country have ruled that public employee supervisors can be subject to individual liability under the FMLA. *See, e.g.*, *Smith v. Sch. Bd. for City of Norfolk*, Civ. No. 2:21-cv-138, 2021 WL 5163312, at *11 (E.D. Va. Nov. 5, 2021) (citing *Weth v. O'Leary*, 796 F. Supp. 2d 766, 776 (E.D. Va. 2011) and *Kilvitis v. County of Lucerne*, 52 F. Supp. 2d 403, 412–13 (M.D. Pa. 1999)); *see also Reed v. Md., Dep't of Human Res.*, Civ. No. ELH-12-0472, 2013 WL 489985, at *14 (D. Md. Feb. 7, 2013). This Court agrees that the plain language of the statute allows individual liability where a public employee "acts, directly or indirectly, in the interest of an employer." 29 U.S.C. § 2611(4)(A)(ii)(I). While, of course, this case is only at the pleading stage, this Court finds that the Complaint contains sufficient factual allegations to plausibly assert a claim.

The individual Defendants assert that they enjoy qualified immunity because "it is not clearly established that public employees are subject to individual liability under FMLA." ECF 18 at 11 n.7. While this Court agrees that that question is not conclusively determined in the Fourth Circuit, it disagrees that the question of potential individual liability has any effect on whether the Defendants violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Martin v. St. Mary's Dep't of Soc. Servs.*, 346 F.3d 502, 505 (4th Cir. 2003) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). In other words, what must be clearly established in the qualified immunity context is a right enjoyed by the Plaintiff, not whether a particular party can be sued or held liable for a violation of that right. At this stage, then, Thomas-Winterberg, Walker, and Haycock have not advanced a cognizable qualified immunity defense. Of course, this ruling will in no way preclude them from re-advancing a qualified immunity defense at later stages of this case.

---

345, 354 (4th Cir. 2004), this Court declines to make that finding in this case due to Plaintiff's self-represented status.

### D. Failure to Exhaust Title VII Claims

The EEOC charge Plaintiff filed on June 1, 2023, refers only to disability discrimination, specifically the "denial of reasonable accommodations" and "constructive discharge" in violation of the ADA and ADAA. ECF 18-2 at 2. It contains no reference to sex or gender and did not put the Department on notice of any prospective Title VII claim. "The EEOC charge defines the scope of the plaintiff's right to institute a civil suit." *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2002). Claims that "exceed the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof" are "procedurally barred." *Chacko v. Patuxent Inst.*, 429 F.3d 505, 509 (4th Cir. 2005). As the Fourth Circuit explained in *Chacko,* a "plaintiff's claim generally will be barred if his charge alleges discrimination on one basis—such as race—and he introduces another basis in formal litigation—such as sex." *Id.* Plaintiff has done just that here, meaning that her newly asserted Title VII claim is procedurally barred.

Plaintiff's contention that the EEOC may not have included all of the information in her charge that she conveyed telephonically or in an intake questionnaire is unavailing. The Fourth Circuit considered a similar argument in *Balas v. Huntington Ingalls Indus., Inc.*, but determined that an "intake questionnaire and the letters Balas submitted to the EEOC cannot be read as part of her formal discrimination charge without contravening the purposes of Title VII." 711 F.3d 401, 408 (4th Cir. 2013). As the *Balas* court explained, because an employer does not learn of the details of the informal communications between a plaintiff and the EEOC, such communications cannot achieve the goals of administrative exhaustion, such as "putting her employer on notice or encouraging conciliation." *Id.* Accordingly, courts are "not at liberty to read into administrative charges allegations they do not contain," *id.*, and Plaintiff's Title VII charges must be dismissed for failure to exhaust.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss, ECF 17, is DENIED as to Plaintiff's FMLA claim against Defendants Thomas-Winterberg, Walker, and Haycock and GRANTED as to all other claims, which are dismissed without prejudice. A separate Order follows.

Dated: July 31, 2024

/s/
Stephanie A. Gallagher
United States District Judge